IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV306-1-MU

| | |
|---|---|
| STEPHEN SINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NORTH CAROLINA DEP'T CORR., ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), filed July 7, 2010.

According to the information filed by Petitioner in his federal habeas form, on December 18, 2008, he was convicted of escape by the Scotland Correctional Institution Disciplinary Board. Petitioner appealed the decision to the Disciplinary Appeals Board which, on January 31, 2009, upheld his conviction. Petitioner has now filed the instant federal habeas petition attacking his disciplinary conviction asserting that his due process rights were violated; that insufficient evidence existed to support his conviction; and that the disciplinary board was biased. Petitioner seeks the restoration of the sixty days good credit time that he lost as a result of his disciplinary conviction.[1]

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. The AEDPA amended § 2254 to include a one-year limitation on the filing of a

---

[1] This case has been appropriately filed pursuant to 28 U.S.C. § 2254 "[b]ecause an action for restoration of good time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of . . . physical confinement.' and this lies at 'the core of habeas corpus.'" Preiser v. Rodriguez, 411 U.S. 475, 487 (1973).

motion. 28 U.S.C. § 2244(d)(1). Pursuant to AEDPA, the limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's appeal of his disciplinary conviction was denied on January 31, 2009. Petitioner's limitation period began to run on that date and expired one year later on February 1, 2010. Because Petitioner filed the instant federal habeas petition well over five months after that date, this Court finds that Petitioner's federal habeas petition is untimely.

Recognizing that his petition was filed after the expiration of the limitation period, in response to the form petition's request for an explanation as to why his federal habeas petition should be considered timely filed if his conviction became final over one year ago, Petitioner states that he was not previously aware of his right to file a federal habeas petition to contest his disciplinary conviction.[2]

---

[2] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, the federal

When considering equitable tolling arguments, a court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Consequently, equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. It is well-settled that ignorance of the law, however, is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling). Because Petitioner's petition was filed well over one year after his disciplinary conviction became final and because Petitioner has not established that his limitation period should be equitably tolled, his petition is dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

---

habeas petition form set forth AEDPA's limitation period and asked Petitioner to state why the limitation period did not bar his petition. Petitioner provided an argument as to why his petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of his petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address such matters. In addition, this Court notes that this case is inapposite to the "narrow circumstances" found by the Fourth Circuit in Bilal v. State of North Carolina, No. 06-6677, 2008 WL 2787702 (4th Cir. July 18, 2008). In particular in the instant case, Petitioner's petition is untimely by a significantly longer period and he substantively responded to the form question as to why his petition should be considered timely filed.

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: July 13, 2010

Graham C. Mullen
United States District Judge